UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Cause No. CR22-150 LK |
| Plaintiff, | ) |
| | ) |
| v. | ) DEFENDANT's RESPONSE TO ORDER TO |
| | ) SHOW CAUSE |
| BRIAN WARNOCK, | ) |
| | ) |
| Defendant. | ) [CLERK'S ACTION REQUIRED] |
| | ) |

Brian Warnock, by his attorney, Jeffrey L. Kradel, submits this response to the Court's Order to Show Cause, issued on January 4, 2024. That order directs the defendant to demonstrate why good cause would exist to reset the deadline for filing of pretrial motions, when the defendant failed to make that request prior to the expiration of a deadline for pretrial motions which had been set. Dkt. 59. The order requires that the defendant show cause "why this failure should not constitute a waiver of his Rule 12(b)(3) defenses, objections, and requests." *Id.*, p. 3.

**A.      Applicable Procedural Rules.**

Rule 12 of the Federal Rules of Criminal Procedure provides that a Court "may" set a pretrial motions deadline. Fed.R.Crim.P. 12(c)(1). If no deadline is set, the deadline is the trial date. *Id.* "At any time prior to trial, the Court may extend or reset the deadline for pretrial

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE- 1

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98101
Phone: (206) 397-3102
jeff@kradeldefense.com

motions." Fed.R.Crim.P. 12(c)(2).

The rule specifies certain motions that must be made prior to trial. Fed.R.Crim.P. 12(b)(3)(A)-(E). If a party fails to meet the pretrial motions deadline set under Fed.R.Crim.P. 12(b)(3), any subsequently filed mandatory pretrial motion is deemed "untimely." Fed.R.Crim.P. 12(c)(3). The Court may still permit the filing of the motion for good cause.

**B.     The Motion to Reset Deadline for Pretrial Motions is Not Untimely.**

As noted above, a court can reset or extend a pretrial motions deadline which was set pursuant to Fed.R.Crim.P. 12(b)(3) "at any time." Such a request is also not delineated as one of the motions that must be made in advance of any 12(b)(3) deadline. The defense would contend, therefore, that the motion to reset the pretrial motions deadline is not "untimely" and does not require a showing of good cause to have the request considered. The court clearly maintains authority to deny the request.

**C.     The Purpose of a Pretrial Motions Deadline and this Case.**

The purpose of setting a deadline for pretrial motions and assertion of certain defenses is to provide notice to the opposition, an opportunity to respond, and to allow the court sufficient time to conduct any needed hearings, receive argument, and make rulings prior to trial. Given that a Court may reset or extend the deadline "at any time" it appears the deadline functions in relation to other events – primarily the trial date. While not specified in the rule itself, the fact that the default date in the absence of a deadline being set is the trial date, favors this view of the 12(b)(3) deadline.

The rule is focused on the resolution of issues in advance of trial, not a more amorphous deadline for a deadline's sake. See Fed.R.Crim.P. 12, Committee Notes on Rules – 2022 Amendment ("Rule 12(c) includes a non-stylistic change. The reference to the "local rule"

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE- 2

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98101
Phone: (206) 397-3102
jeff@kradeldefense.com

exception has been deleted to make it clear that judges should be encouraged to set deadlines for motions. The Committee believed that doing so promotes more efficient case management, especially when there is a heavy docket of pending cases. Although the rule permits some discretion in setting a date for motion hearings, the Committee believed that doing so at an early point in the proceedings would also promote judicial economy."). The pretrial motion deadline requirement also serves to eliminate criminal defendants' incentive to "lay in the weeds", take a shot at the first trial, and then get a redo if they are convicted. Cf. *Davis v. United States*, 411 U.S. 233, 241 (1973) ("If defendants were allowed to flout [Rule 12's] time limitations, ... there would be little incentive to comply with its terms ... [and] tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction ....").

In this case, the defendant's Motion to Continue Trial and Reset Motions Deadline was not opposed by the Government. In making the motion, the defendant was asking for a new deadline for his motions, but also consenting to the Government being relieved of any obligation it was under to meet the prior deadline. This reflects, in part, the informal local practice (at least as undersigned counsel has experienced it) of treating the motions deadline as something inextricably tied to the trial date, regardless of whether a prior motions deadline had expired.

Both the Government and the defense in this case believed (and still do) that a plea agreement will be reached. Neither party filed motions in advance of the motion deadline. While the defense cannot say why the Government chose not to file, it was likely a reflection of the posture of the case from both side's perspectives.

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE- 3

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98101
Phone: (206) 397-3102
jeff@kradeldefense.com

This was not a case where it was anticipated pretrial motions would be litigated and to the extent that view were to change over time, a new deadline for motions could be set upon the agreement of the parties.  The defense wanted to maintain the positive direction of negotiations, and filing a motion to suppress evidence or challenging the constitutionality of making it unlawful for a felon to possess a firearm could have negatively impacted the ongoing positive nature of the negotiations.  To be clear, the Government <u>never</u> conditioned continued negotiations on the defendant not filing pretrial motions, and AUSA Gregson <u>never</u>, in any way, even insinuated such a thing.  It was a notion borne of many prior experiences unrelated to Mr. Warnock's case.

It was wrong to presume that whatever the parties agreed to, the Court would ratify.  There was no prior experience with this court that would allow an assumption as to what can happen with an expired motions deadline.  Mr. Warnock should not, however, suffer the consequences of that faulty presumption.

**D.     The Court's Discretion to Reset the Motions Deadline**

As noted above, the Court has discretion to reset a pretrial motions deadline set under Rule 12.  The exercise of that discretion in this instance is not contested by either party.  The exercise of discretion in this instance would provide Mr. Warnock with the opportunity to file motions, should the anticipated resolution not take place.  It would prevent a potentially unjust result, where that result is not being urged upon the court by a litigant.

The Court's management of cases, calendars, and the workload of its staff are clearly valid and legitimate concerns. The setting and enforcement of deadlines is one tool in that effective management, but a tool that does not need to be utilized in every instance.  This case presents an instance where that enforcement is not required, and where there is sufficient time prior to trial to set and enforce a new pretrial motions deadline.

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE- 4

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98101
Phone: (206) 397-3102
jeff@kradeldefense.com

### E.   Good Cause for Not Filing Motions Prior to the Deadline.

The defendant did not file motions prior to the expiration of the pretrial motions deadline in an effort to maintain the ongoing negotiations "track" of the case to a resolution favorable to Mr. Warnock.  It was not done to gain any strategic advantage, or to "lay low" on issues until trial commenced.  It was not done in some effort to "save" the issues for appeal – garnering two opportunities to prevail. It was done based upon past professional experience – gained over approximately 23 years of practicing only criminal law in the Western District of Washington - that if a new deadline is needed, one could be obtained – particularly if the Government was not opposed to having a new deadline.

### F.   Conclusion

The defendant would ask the Court to exercise discretion under Rule 12(c)(2) and reset the motions deadline.

In the absence of setting a new deadline, the defendant would ask that the Court reserve ruling on any "waiver" or timeliness under Rule 12(b)(3) until such time as the defendant seeks to pursue defenses or motions enumerated in that rule.  Until that time, the issue of waiver is not ripe for determination.

DATED this 11th day of January, 2024.

Respectfully submitted,

s/Jeffrey Kradel
Jeffrey L. Kradel
WSBA No. 26767

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE- 5

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98101
Phone: (206) 397-3102
jeff@kradeldefense.com

1455 NW Leary Way, Suite 4050
Seattle WA 98107

206/397-3102 voice

206/922-5547 facsimile

jeff@kradeldefense.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Cecelia Gregson

U.S. Attorney's Office for Western District of Washington

Seattle, WA

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE- 6

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98101
Phone: (206) 397-3102
jeff@kradeldefense.com